Order, Supreme Court, New York County (Barbara R. Kapnick, J.), entered October 7, 2011, which granted defendant Bank of America Corp.’s, doing business as Bank of America (BOA), motion for leave to reargue, and upon reargument, granted that portion of BOA’s motion to dismiss DMDB Adults, Inc.’s and DMDB Kids, Inc.’s (DMDB) remaining claims for checks cashed after December 2007 on the ground that they were time-barred, denied plaintiffs’ cross motion for summary judgment, and granted BOA’s motion to dismiss plaintiffs’ third cause of action for conversion, unanimously affirmed, without costs.
Plaintiffs both maintained corporate checking accounts at defendant BOA in New Jersey. DMDB’s principals, Dean Hecker and William Hecker, were the only authorized signatories on the accounts. DMDB claims that its then bookkeeper, Debra Haber, without DMDB’s knowledge or consent, illegally diverted and took possession of various checks which she made payable to “cash.” According to DMDB, BOA wrongfully paid Haber the sum of $780,226.33 on forged and fraudulent checks issued from the account of DMDB Adults during the period from January 9, 2005 through December 23, 2008, and the sum of $171,457.76 on forged and fraudulent checks issued from the account of DMDB Kids during the period September 7, 2005 through December 23, 2008, without making any inquiry.
*904 DMDB’s cause of action based on conversion was properly dismissed, as an action for conversion may not be brought by an issuer or drawer (see NJ Stat Ann §§ 12A:3-420 [a]; 12A:3-105 [c]). Since DMDB was identified on the checks as the one ordering payment, by the plain language of this provision, it would be a “drawer,” whether or not it authorized the checks to be drawn (see NJ Stat Ann § 12A:3-103 [a] [3]; 300 Broadway Healthcare Ctr, L.L.C. v Wachovia Bank, N.A., 425 NJ Super 33, 38, 39 A3d 248, 251 [App Div 2012]).
All remaining claims against BOA that were not otherwise barred by the Uniform Commercial Code’s one-year statute of limitations (NJ Stat Ann § 12A:4-406 [f]) were also properly dismissed. It is undisputed that DMDB failed to perform its statutory duty of promptly reviewing all bank statements and checks to determine whether there were any irregularities (NJ Stat Ann § 12A:4-406 [c]). Thus, the repeater rule (NJ Stat Ann § 12A:4-406 [d]) would bar DMDB’s remaining claims for forgeries by the same wrongdoer, Haber, unless it could prove that BOA failed to exercise ordinary care in paying the checks (NJ Stat Ann § 12A:4-406 [e]).
This DMDB failed to do, as it offered only the speculative opinion of its principal that BOA was in the best position to determine forgeries. On the other hand, the ordinary care standard specifically does not require bank examination of checks or signatures (see NJ Stat Ann § 12A:3-103 [a] [7]), and BOA submitted the affidavits of two bank employees and a banking expert, attesting that all checks were automatically evaluated by computer at the time of deposit, and that BOA’s check processing practices and procedures were consistent with those of all other large money center banks in the metropolitan New York region.
DMDB’s argument that they should not be held to the practices outlined in BOA’s customer agreement because they did not receive a copy of that agreement was not raised in response to the motion for leave to reargue, and in any event, the documentary evidence established that DMDB received a copy of the customer agreement with respect to the DMDB Kids account, and that the customer agreement is the same for all accounts opened with BOA. Concur — Friedman, J.P., Acosta, Abdus-Salaam, Manzanet-Daniels and Román, JJ.